UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

EMILY LAPRADE,

               Plaintiff,

     v.

VOLKSWAGEN AG,

               Defendant.

Case No. 3:25-cv-05028-TMC

ORDER ON MOTION IN LIMINE

Before the Court is Defendant's motion in limine to preclude Plaintiff Emily LaPrade from calling Dr. Uwe Meissner during her case-in-chief. Dkt. 41. The Court has considered the parties' briefs and heard oral argument on the motion at the pre-trial conference on May 28, 2026. Dkts. 41, 47, 58. The motion is ripe for the Court's consideration.

## I.    BACKGROUND AND PROCEDURAL HISTORY

The Court has previously discussed the facts of this case in detail and will not do so again here. Dkt. 41 at 2–9. In short, Ms. LaPrade has paraplegia with limited sensation in her lower body and alleges she suffered second- and first-degree burns on her buttocks from the defective design of a seat heater in her 2023 Volkswagen Tiguan. *Id* at 2–6. The Court granted partial summary judgment on April 22, 2026, dismissing Ms. LaPrade's defective warning claim and her partner's loss of consortium claim. *Id*. The Court denied summary judgment on

ORDER ON MOTION IN LIMINE - 1

Ms. LaPrade's design defect claim, however.[1] The Court found that Plaintiff's expert, Mr. Roger Smedsrud, would not be able to testify about the design of the Tiguan's seat heater but that Defendant's expert, Dr. Uwe Meissner, provided a report with sufficient evidence of a design defect to preclude summary judgment. *Id*. at 18–23. The Court noted that "Plaintiffs are free to present this evidence during their case-in-chief." *Id*. at 22 n.8 (collecting cases).

Defendant filed the present motion in limine on May 4, 2026, asking the Court to preclude Plaintiff from calling Dr. Meissner during her case-in-chief. Dkt. 41. Defendant argues that Plaintiff will seek testimony outside the scope of Dr. Meissner's report and that even permitting questions on his report creates "substantial risk of juror confusion and significant prejudice" to Defendant. *Id*. at 2. Plaintiff responded on May 22, 2026. Dkt. 47.

## II.    DISCUSSION

### A.    Legal Standard

"A motion in limine is a procedural mechanism to limit in advance testimony or evidence in a particular area." *Hana Fin., Inc. v. Hana Bank*, 735 F.3d 1158, 1162 n.4 (9th Cir. 2013).

"To exclude evidence on a motion in limine the evidence must be inadmissible on all potential grounds." *Goodman v. Las Vegas Metro. Police Dep't,* 963 F. Supp. 2d 1036, 1047 (D. Nev. 2013) (internal quotations omitted). "[I]f not, the evidentiary ruling is better deferred until trial, to allow for questions of foundation, relevancy, and prejudice to be resolved with the appropriate context." *Romero v. Washington*, No. 2:20-cv-01027-TL, 2023 WL 6458871, at *1 (W.D. Wash. Oct. 4, 2023).

---

[1] Like her now-dismissed failure to warn claim, Ms. LaPrade brings her design defect claim under the Washington Product Liability Act ("WPLA"). RCW 7.72.030.

ORDER ON MOTION IN LIMINE - 2

In ruling on motions in limine, courts do not "resolve factual disputes or weigh evidence." *United States v. Meech*, 487 F. Supp. 3d 946, 952 (D. Mont. 2020). The inquiry is discretionary. *See United States v. Layton*, 767 F.2d 549, 554 (9th Cir. 1985).

**B.    Plaintiff may question Dr. Meissner during her case-in-chief about the opinions and evidence in his expert report.**

Defendant asks the Court to preclude Dr. Meissner from testifying during Plaintiff's case-in-chief because he "did not render the opinion that Plaintiffs seek to introduce." Dkt. 41 at 2. Specifically, "Dr. Meissner did not offer any opinion on alternative design, feasibility, or cost. He did not conduct a market survey of other vehicles or other seat heater designs." *Id*. at 5. Plaintiff asserts that she "will focus on Dr. Meissner's test results regarding passenger seat temperature, and his preliminary opinions adopting the recommendations of the Society of Automotive Engineers (SAE), the International Standardization Organization (ISO), and the American Society for Testing and Materials (ASTM), and how he reconciles some of the seat temperature readings with the recommendations of the organizations that he cites as providing the industry standards." Dkt. 47 at 3. Plaintiff also intends to ask Dr. Meissner about "mechanisms recommended by those same organizations setting industry standards . . . that the Volkswagen in question did not have and which [] he also mentioned in his Report." *Id*.

"In general, expert witnesses are only permitted to testify regarding matters disclosed in their expert reports." *Bioriginal Food & Sci. Corp. v. Biotab Nutraceuticals, Inc.*, No. 213CV05704CASEX, 2015 WL 10733384, at *3 (C.D. Cal. Aug. 24, 2015) (citing *U.S. Fid. & Guar. Co. v. Lee Invs. LLC*, 641 F.3d 1126, 1138 (9th Cir. 2011)); *see* Fed. R. Civ. P. 26(a)(2)(B)(i) (requiring that an expert's report contain "a complete statement of all opinions the witness will express and the basis and reasons for them."). "The purpose of expert reports is not to replicate every word that the expert might say on the stand," but to "convey the substance of

the expert's opinion." *Martinez v. United States*, No. 116CV01556LJOSKO, 2019 WL 266213, at *8 (E.D. Cal. Jan. 18, 2019) (citation modified).

Plaintiff's proffered lines of inquiry—regarding the temperatures that Dr. Meissner observed, the temperature recommendations made by various industry standards, and the alternate seat heater designs that those standards suggest—fall neatly within Dr. Meissner's expert report. If Plaintiff strays from those topics, Defendant may object and seek to exclude or limit such testimony. Until then, Plaintiff may question Dr. Meissner during her case-in-chief so long as she seeks testimony related to his expert report.

**C.      No substantial risk of juror confusion or prejudice exists.**

Defendant also argues that "there is a substantial risk of juror confusion and significant prejudice to [Defendant] if the Court were to permit the Plaintiffs to 'present' Dr. Meissner's actual opinions as set forth in his Fed. R. Civ. P. 26 Disclosure." Dkt. 41 at 2.

During the pretrial conference, the Court ruled that (1) Dr. Meissner would testify in one sitting with no other witnesses between his appearances; (2) Defense counsel would take a direct examination of Dr. Meissner and qualify him as an expert before Plaintiff would be allowed to question him during cross-examination; and (3) the Court would instruct the jury that it will hear Dr. Meissner's testimony out-of-order and during Plaintiff's case-in-chief. The Court finds these accommodations are sufficient to prevent prejudice or juror confusion caused by the timing of Dr. Meissner's testimony.

//

//

//

ORDER ON MOTION IN LIMINE - 4

### III.   CONCLUSION

The Court DENIES Defendant's motion in limine. Dkt. 41.

Dated this 1st day of June, 2026.

Tiffany M. Cartwright
United States District Judge

ORDER ON MOTION IN LIMINE - 5